## John S. Ford et al. v. Charles B. Kelley.

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Prior Judgment Creditors.*—Where the real estate of an insolvent assignor is sold by the County Court subject to all valid and prior liens, the proceeds of such sale can not be applied exclusively to the payment of a judgment obtained prior to the assignment. The money received from such sale goes into the general fund of assets, out of which the judgment creditors are entitled to dividends upon the amount of their judgment.

**Voluntary Assignment.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 8896. Affirmed. Opinion filed April 27, 1896.

PADEN & GRIDLEY, attorneys for appellant.

The assignee under an assignment for the benefit of creditors, takes no better title than his assignor possessed. His title will be affected with every infirmity and be subject to all the equities that existed in respect thereof, in the hands of the assignor. Davis et al. v. Chicago Dock Co., 129 Ill. 180; Jack v. Weiennett, 115 Ill. 111; Union Trust v. Trumbull, 137 Ill. 179; Kiehn V. Bestor, 30 Ill. App. 467.

A creditor of an insolvent debtor who has made a voluntary assignment for the benefit of creditors by proving his debt against the estate, will not waive or lose his lien on the assigned property. Yates v. Dodge, 123 Ill. 50.

The County Court has complete jurisdiction in assignments, with equity power to relieve against void assignments and determine rights of prior lienors. Wilson v. Aaron, 132 Ill. 238; Freydendall v. Baldwin, 103 Ill. 325; Hanchett v. Waterbury, 115 Ill. 220; Farwell v. Crandall, 120 Ill. 70; Messinger v. Yager, 16 Ill. App. 260.

In equity the proceeds from the sale of real property upon which there is a lien will be treated as the real estate itself. Gaty v. Casey, 15 Ill. 189; Paddock v. Stout, 121 Ill. 57.

EDWARD S. ELLIOTT, attorney for appellee; ALDRICH, REED, BROWN & ALLEN, of counsel.

The assignee took the property subject to all liens; the assignor could convey only the equity of redemption. This is all he took, and consequently was all he could sell. Burrill on Assignments, Sec. 349 *et seq.;* O'Hara v. Jones, 46 Ill. 288; Davis v. Chicago Dock Co., 129 Ill. 181; Yates v. Dodge, 123 Ill. 50; In the Matter of Bates, Assignee, 118 Ill. 524.

The extent of appellants' right respecting the fund in assignee's hands is a right to their *pro rata* share in its distribution, based on the whole amount of their claim as proved and filed with the assignee. Burrill on Assignments, Sec. 393, and cases there cited; In the Matter of Bates, 118 Ill. 524; Yates v. Dodge, 123 Ill. 50; Keim's Appeal, 27 Penn. St. 42; Graeff's Appeal, 79 Penn. St. 146; Paddock v. Bates, 19 Ill. App. 470; In re Assignment of Hobson, 81 Ia. 393.

A court of equity will not always treat the fund realized from a sale of real estate as it would treat the property itself, and in the present case the statute relating to voluntary assignments peremptorily excludes the application of any such doctrine. S. & C. R. S., ch. 72, par. 49; In the Matter of Bates, 118 Ill. 529.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is assignee in insolvency of the Imperial Hotel Company, administering the assets of the company under the direction of the County Court.

April 30, 1894, the court ordered the appellee to offer the real estate of the company for sale, "subject to all valid and prior liens whatever." He sold it for $5,000, and the appellants petitioned that the appellee be directed to pay out of that money a judgment they had obtained against the company before the assignment. The court denied the petition, and appellants appealed to this court.

The court could order the assignee to sell only what the insolvent could have sold, and had no more authority to displace liens than the insolvent would have had, and the court

made no attempt to displace liens. In legal effect, the sale was only of residuary interest of the insolvent. There was no conversion of the whole estate into money by a sale under paramount authority, or by insurance paid upon a loss by fire, as in cases cited by appellants. The money received from the sale goes into the general fund of assets, out of which appellants are entitled to dividends upon the amount of their judgment. To what extent they may obtain any relief from the property sold, by process upon their judgment, or otherwise, is not now in question.

The order dismissing the petition is affirmed.